*LAUVE vs. BELL &AL.*

A defendant who is interrogated on facts and articles, has a right to qualify his answers, by stating other facts pertinent to the issue, and connected with the facts, which the plaintiff seeks to establish.

In a suit between the original parties to a due bill, the consideration of it may be inquired into, and the maker may show that the apparent was the agent of the real payee.

Appeal from the court of the first district.

This was an action to recover from the defendants, the amount of a due bill in the following words and figures: "Due Mr. Lauve, two thousand dollars, New-Orleans, June 11th, 1829," signed "S. C. and R. Bell."

The plaintiff alleged that he presented the due bill for payment to S. C. Bell, one of the defendants, who tore it to pieces, and then refused payment. The defendants, in their answer, denied owing any money to the plaintiffs, but admitted there was such a due bill for money borrowed of Fisher, Burke and Watson. That plaintiff's name was inserted therein, as the agent of Fisher, Burke and Watson, whose

clerk he was, but that said firm of Fisher, Burke and Watson, were indebted to respondents in a larger sum, and therefore they refused to return the money to said Fisher, Burke and Watson, who were the only persons ever before pretending to have any interest in the loan.

To establish the allegations in the petition, the plaintiff propounded interrogatories to S. C. Bell, who in answer thereto under oath, admitted the execution and destruction of the due bill as stated by plaintiff, but that the money for which it was given, was borrowed of Fisher, Burke and Watson, who were indebted to S. C. and R. Bell for a returned bill, of which they were the drawers, for $2151.

That the name of the plaintiff was inserted in the due bill as agent and clerk of Fisher, Burke and Watson. That the plaintiff had no money to lend—that he never pretended to be a creditor, or to have any interest in the due bill, but frequently demanded payment on behalf of Fisher, Burke and Watson.

The plaintiff moved the court to strike out all the answer, except that part which admitted the execution and destruction of the due bill,

and the refusal to pay to plaintiff. The court overruled the motion and the plaintiff excepted.

It was proved at the trial, that the plaintiff had been a clerk for two or three years, and that his services as such, were worth from 1,500 to 2,000 dollars a year—that he was a prudent young man, had done some business on his own account, and at one time had made a deposit of $4000 in bank.

The defendants offered in evidence a bill of exchange drawn by Fisher, Burke and Watson in their favor, and proved that it had been protested, returned, and that they had paid the amount. The plaintiff objected to this testimony, on the ground that it had no relation to the suit, and as being illegal against the plaintiff, who was no party to the same. The objection was overruled and the plaintiff took his bill of exceptions.

There was judgment for the defendants, and the plaintiff appealed.

*McCaleb,* for plaintiff, urged the following points for a reversal of the judgment.

1. The answers were not categorical, C. P. 349, 353.

2. Because the due bill, being in writing, when its contents were proved, no further parol

evidence is admissible. Bell stood as any other witness before court, C. P. 348, 351, 352, 355; 4 Mart. n. s. 303; 3 Starkie 995, 999, 1002.

3. Admitting that Bell borrowed the money of Fisher, Burke and Watson, yet by assuming to pay to Lauve, he novated the debt, and cannot plead in compensation the bill of exchange. By giving the due bill to Lauve, Bell recognised Lauve's power so to arrange in behalf of his principal. The debt became novated, Lauve was the new creditor, and cannot submit to compensation. Poth. Obligations,part 4, chap. 3, sec. 4, art 2; C. C. 2181, 2184, 2209, 2212; Code Napoleon, art. 448.

4. Bell recognised Lauve as agent to loan, he was bound to recognise his right to receive payment, he must therefore pay, unless he could show the compensation pleaded. Notice to Fisher, Burke and Watson as drawers is not proved.

5. There is no proof that plaintiff loaned the money as agent except Bell's own answer. Verbal proof that one acts as the agent of another, must be made conformably to that proof required in the title of conventional obligations, viz. in an amount over 500 dollars, other evidence than one witness. N. C. C. 2961, 2257.

Eastern District.
*April*, 1830.

LAUVE
vs.
BELL & AL.

MARTIN, J. delivered the opinion of the court. The plaintiff charges that the defendants being indebted to him, gave him a due bill for $2000, which being presented to one of them for payment, he took it from the plaintiff's hands under pretence of examining it, and immediately tore it to pieces.

The answer denies the defendants were ever indebted to the plaintiff, but admits they gave the due bill mentioned in the petition, for money borrowed from Fisher, Burke and Watson, and the plaintiff's name (he being the clerk of the latter,) was inserted in the due bill, and they being indebted to the defendants in a larger sum, they refused to return the due bill to the plaintiff, when he presented it, and tore it to prevent its being made an improper use of by the plaintiff.

The facts stated in the answer were sworn to by the defendants, on interrogatories being filed to establish by their oaths, the allegations in the petition.

The plaintiff's counsel now excepted to the answer to his interrogatories, and moved that all the parts of them, except that by which the defendants admitted the exe-

cution and tearing of the due bill, should be stricken out, as irrelevant, contradictory, and explanatory of a written instrument.

The court refused to allow the parts of the answers objected to, to be stricken out.

There was judgment for the defendants and the plaintiff appealed.

His counsel has drawn our attention to two bills of exceptions.

The first is to the refusal of the judge to order the parts of the answer objected to, to be stricken out.

The second, to the admission of evidence of a protested bill of Fisher, Burke & Watson in favor of the defendants, and the admission of parol testimony to prove its having been taken up by the defendants.

A defendant who is interrogated on facts and articles has a right to qualify his answers by stating other facts pertinent to the issue and connected with the facts which the plaintiff seeks to establish.

It is certainly clear that the parts of the answers objected to were pertinent to the issue and closely connected with the facts the plaintiff sought to establish, and the defendants had the right to qualify the answers they were called on to make, by setting forth facts, which prevented the consequence of absolute and unqualified answers.

In a suit between the original parties to a

The claim being between the two original parties to the due bill, the considera-

tion of it, was a proper object of inquiry into, and for this purpose the defendants might show that the person, in favor of whom the the bill was indirectly given, were his debtors. All this tended to show that the plaintiff's was a borrowed name only, and between him and the defendants there was really no consideration.

due bill, the consideration of it may be inquired into, and the maker may show that the apparent was the agent of the real payee.

If the tearing of the note be so improper an act, as ought to deprive the party to avail himself of it, so as to enable himself to give evidence for himself, as to the consideration of the due bill; the legislature has not placed it in our power to say so.

On the merits, the facts set up in the answer, appear to us established. It is shown that Watson, the acting partner of Fisher, Burke & Watson, had died, and the defendants, who were creditors of the firm, had been momentarily accommodated with the loan of a check from their debtors, and the due bill given in the evidence of this incident transaction, had been made out in the name of the plaintiff, their clerk, on account of their approaching failure.

It is therefore ordered, adjudged, and

decreed, that the judgment of the district court be affirmed with costs.

